1  FRIEDMAN & SPRINGWATER LLP
   ANDREA T. PORTER (S.B. NO. 095984)
2  STEFANIE A. ELKINS (S.B. NO. 249839)
   DANIEL A. NOLAN IV (S.B. NO. 284970)
3  33 New Montgomery Street, Suite 290
   San Francisco, CA  94105
4  Telephone Number:  (415) 834-3800
   Facsimile Number:  (415) 834-1044
5  aporter@friedmanspring.com

6  Attorneys for Plaintiff Mendocino Coast
   Health Care District

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SANTA ROSA DIVISION

11  | In re | Case No.  12-12753 |
    |---|---|
12  | MENDOCINO COAST HEALTH CARE | Chapter 9 |
    | DISTRICT, a political subdivision of the | |
13  | State of California, | |
    | | |
14  | Debtor. | |

15
    | MENDOCINO COAST HEALTH CARE | Adv. Proc. No. |
16  | DISTRICT, a political subdivision of the | |
    | State of California, | |
17  | | **COMPLAINT TO DETERMINE** |
    | Plaintiff, | **VALIDITY AND EXTENT OF LIENS** |
18  | vs. | |
19  | UHC of California and the Office of | |
    | Statewide Health Planning and | |
20  | Development of the State of California | |
21  | Defendants. | |

22

23         Mendocino Coast Health Care District ("Plaintiff") complains and alleges as
    follows:
24
                                 **I.**
25
                    **JURISDICTION AND VENUE**
26
           1.      This Court has subject matter jurisdiction over this adversary
27
    proceeding pursuant to 28 U.S.C. § 1334, in that it arises in the Plaintiff's Chapter 9 case.
28

{00661757.DOC v 1}

1  This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

2.  The statutory grounds for the relief requested herein is section 506(a)(1)
of the Bankruptcy Code and Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because
the proceeding arises in a case under title 11 in this district.

## II.

## PARTIES

4.  Plaintiff is the debtor in the above-captioned Chapter 9 case and is a
political subdivision of the State of California.

5.  Plaintiff is informed and believes that UHC of California ("Defendant
UHC") is a corporation organized and existing in accordance with the laws of the State of
California.

6.  Plaintiff is informed and believes that the Office of Statewide Health
Planning and Development of the State of California ("Defendant OHSPD") is a division of
the Health and Human Services Agency of the State of California.

## III.

## FIRST CLAIM FOR RELIEF

**(Validity and Extent of Lien Claimed by Defendant UHC  - 11 U.S.C. §506(a)(1))**

7.  Plaintiff realleges and incorporates herein by reference each allegation
in paragraphs 1 through 6.

8.  On November 1, 2011, Plaintiff's Board of Directors passed and
adopted Resolution No. 2011-5.  A copy of Resolution No. 2011-5 is attached hereto as
Exhibit A.

9.  Resolution No. 2011-5 authorizes Plaintiff to issue bonds or otherwise
borrow an amount not to exceed $2,500,000 in accordance with an indenture.

10.  Resolution No. 2011-5 approves a form of indenture.

11.  Plaintiff subsequently issued a Report of Proposed Debt Issuance.  A
copy of the Report of Debt Issuance is attached hereto as Exhibit B.

{00661757.DOC v 1}
2

1  12.  The Report of Proposed Debt Issuance includes, at page 2, a section

2  entitled "SOURCE(S) OF REPAYMENT" followed by a series of options.

3  13.  Among the options included under "SOURCE(S) OF REPAYMENT"

4  are "General fund of issuing jurisdiction (GNFD)" which box is marked with an "X" and

5  "Special tax revenues" which box is not checked.

6  14.  Plaintiff did not issue bonds to Defendant UHC.

7  15.  Plaintiff and Defendant UHC executed a Note Purchase Agreement on

8  December 8, 2011.  A copy of the Note Purchase Agreement is attached hereto as Exhibit C.

9  16.  The Note Purchase Agreement does not provide a grant of lien or

10  alternative form of security interest and does not reference special tax revenues as defined

11  under applicable state law or in section 902(d) of the Bankruptcy Code.

12  17.  Plaintiff and The Bank of New York Mellon Trust Company, N.A., as

13  Trustee entered into an Indenture of Trust dated as of December 1, 2011.  A copy of the

14  Indenture of Trust is attached hereto as Exhibit D.

15  18.  Plaintiff is informed and believes that there are three separate notes that

16  constitute the aggregate total indebtedness of $2,500,000.  Copies of these notes (the

17  "Promissory Notes"), each marked "Specimen," are attached hereto as Exhibits E, F, and G.

18  19.  The Promissory Notes do not provide a grant of lien or alternative form

19  of security interest and do not reference special tax revenues as defined under applicable state

20  law or in section 902(d) of the Bankruptcy Code.

21  20.  The Indenture of Trust does not provide a grant of lien or alternative

22  form of security interest and does not reference special tax revenues as defined under

23  applicable state law or in section 902(d) of the Bankruptcy Code.

24  21.  A Report of Final Sale was made in connection with the transaction.  A

25  copy of the Report of Final Sale is attached hereto as Exhibit H.

26  22.  The Report of Final Sale includes, at page 2, a section entitled "WAS

27  THE ISSUE INSURED OR GUARANTEED?" The section is followed by a series of

28  options. The only option marked, with an "X," is "No."

1

2      23.     Plaintiff is informed and believes that Plaintiff did not grant a lien upon

3  the assets of Plaintiff in favor of Defendant UHC to secure Plaintiff's performance of the

4  obligations set forth in the Promissory Notes or for any other reason.

5      24.     Plaintiff is informed and believes that Defendant UHC did not record

6  evidence of the existence of a lien upon assets of the Plaintiff in the form of a UCC-1.

7                                    **IV.**

8                          **SECOND CLAIM FOR RELIEF**

9      **(Validity and Extent of Lien Claimed by Defendant OSHPD - 11 U.S.C. §506(a)(1))**

10      25.     Plaintiff realleges and incorporates herein by reference each allegation

11  in paragraphs 1 through 24.

12      26.     Plaintiff is informed and believes that Defendant OHSPD holds a valid

13  and perfected lien on substantially all of the assets of Plaintiff, including but not limited to

14  accounts receivable.

15      27.     Plaintiff is informed and believes that the lien of Defendant OSHPD is

16  senior to any other claims of lien.

17      28.     On November 21, 2011, Mr. Carl A. McLaney, Deputy Director of

18  Defendant OHSPD, sent a letter (the "OSHPD Letter") to Mr. Raymond Hino, then Chief

19  Executive Officer of Plaintiff.  A copy of the OHSPD Letter is attached hereto as Exhibit I.

20      29.     The OSHPD Letter evidences the consent of Defendant OSHPD to the

21  Plaintiff's incurrence of the obligation to Defendant UHC under the Promissory Notes in

22  accordance with Section IX of the Amended and Restated Regulatory Agreement effected as

23  of July 8, 2010 by and between Plaintiff and Defendant OHSPD (the "Regulatory

24  Agreement").  A copy of the Regulatory Agreement is attached as hereto as Exhibit J.

25      30.     The OHSPD Letter does not consent to the creation of a junior lien in

26  favor of Defendant UHC or any other person.

27      31.     The OSHPD Letter does not create a lien in favor of Defendant UHC or

28  any other person.

1    32.    Defendant UHC does not have a "Permitted Encumbrance" as defined

2    in Section I.B.44 of the Regulatory Agreement.

3    33.    Plaintiff is informed and believes that Defendant OHSPD did not permit

4    Defendant UHC to obtain a lien upon the assets of Plaintiff in favor of Defendant UHC to

5    secure Plaintiff's performance of the obligations set forth in the Promissory Notes or for any

6    other reason.

7    WHEREFORE, Plaintiff seeks judgment as follows:

8    1.    That the Defendant UHC be found to have no valid claim of lien that

9    attaches to any of the assets of the Plaintiff;

10    2.    That Defendant UHC's claim in the Chapter 9 case, to the extent that it

11    is an allowed claim, be found to be a general unsecured claim in the Chapter 9 case;

12    3.    That Defendant OHSPD be found to have a valid lien in the assets of the

13    Plaintiff, senior to all other claims of lien; and

14    4.    For such other and further relief as the Court may deem appropriate.

Dated:  February 19, 2013                    FRIEDMAN & SPRINGWATER LLP


                                            By:    */s/ Andrea T. Porter*
                                                   Andrea T. Porter
                                                   Attorneys for Plaintiff Mendocino Coast
                                                   Health Care District