1  KAMALA D. HARRIS
   Attorney General of California
2  MOLLY K. MOSLEY
   Supervising Deputy Attorney General
3  JANE O'DONNELL
   Deputy Attorney General
4  State Bar No. 100617
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone:  (916) 322-0253
     Fax:  (916) 323-7095
7    E-mail:  Jane.ODonnell@doj.ca.gov
   *Attorneys for Defendant California Office of*
8  *Statewide Health Planning and Development*

9

10                     IN THE UNITED STATES BANKRUPTCY COURT

11                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                              SANTA ROSA DIVISION

13

| | |
|---|---|
| 14  **In re:** | CASE NO. 12-12753 |
| 15  **MENDOCINO COAST HEALTH CARE** **DISTRICT, a political subdivision of the** | Chapter 9 |
| 16  **State of California,** | |
| 17                              **Debtor.** | |
| 18  **MENDOCINO COAST HEALTH CARE** **DISTRICT, a political subdivision of the** | Adversary Proc. No. 13-01026 |
| 19  **State of California,** | **ANSWER TO ADVERSARY** **COMPLAINT BY DEFENDANT** |
| 20                              **Plaintiff,** | **CALIFORNIA OFFICE OF** **STATEWIDE HEALTH PLANNING** |
| 21                     **v.** | **AND DEVELOPMENT** |
| 22  **UHC OF CALIFORNIA AND THE** **OFFICE OF STATEWIDE HEALTH** | |
| 23  **PLANNING AND DEVELOPMENT OF** **THE STATE OF CALIFORNIA,** | |
| 24                              **Defendants.** | |
| 25 | |

26          Defendant California Office of Statewide Health Planning and Development

27   ("OSHPD"), by and through its attorneys, hereby answers the "Adversary Complaint to

28   Determine Validity and Extent of Liens" (the "Complaint") filed on February 19, 2013, on

                                          1

behves of plaintiff Mendocino Coast Health Care District, a political subdivision of the State of California ("Plaintiff"), as follows:

**ANSWER**

1.    OSHPD admits the allegations contained in paragraph 1 of the Complaint.

2.    OSHPD admits the allegations contained in paragraph 2 of the Complaint.

3.    OSHPD admits the allegations contained in paragraph 3 of the Complaint.

4.    OSHPD admits the allegations contained in paragraph 4 of the Complaint.

5.    OSHPD admits the allegations contained in paragraph 5 of the Complaint.

6.    In response to the allegations contained in paragraph 6 of the Complaint, OSHPD avers that it is a department of the State of California under the supervision of the Health and Human Services Agency and appears for itself and as collateral agent for the trustee for certain bondholders.

7.    In response to the allegations contained in paragraph 7 of the Complaint, OSHPD realleges and incorporates herein by reference its responses to paragraphs 1 through 6 contained in the Complaint as though fully set forth at this point.

8.    In response to the allegations contained in paragraph 8 of the Complaint, OSHPD avers that it was given a different document as a draft of the Resolution passed by Plaintiff's Board on November 1, 2011 than that attached as Exhibit A to the Complaint.  The copy provided to OSHPD authorized the issuance of Promissory Notes.

9.    In response to the allegations contained in paragraph 9 of the Complaint, OSHPD avers that the copy of the Resolution provided to OSHPD authorized the issuance of Promissory Notes.

10.    OSHPD admits the allegations contained in paragraph 10 of the Complaint.

11.    OSHPD admits the allegations contained in paragraph 11 of the Complaint.

12.    OSHPD admits the allegations contained in paragraph 12 of the Complaint.

13.    OSHPD admits the allegations contained in paragraph 13 of the Complaint.

14.    In response to the allegations contained in paragraph 14 of the Complaint, OSHPD avers that it was informed and believes that unsecured promissory notes were issued,

2

1    not bonds.

2          15.    OSHPD admits the allegations contained in paragraph 15 of the Complaint.

3          16.    OSHPD admits the allegations contained in paragraph 16 of the Complaint.

4          17.    OSHPD admits the allegations contained in paragraph 17 of the Complaint.

5          18.    OSHPD admits the allegations contained in paragraph 18 of the Complaint.

6          19.    OSHPD admits the allegations contained in paragraph 19 of the Complaint.

7          20.    OSHPD admits the allegations contained in paragraph 20 of the Complaint.

8          21.    OSHPD admits the allegations contained in paragraph 21 of the Complaint.

9          22.    OSHPD admits the allegations contained in paragraph 22 of the Complaint.

10         23.    OSHPD admits the allegations contained in paragraph 23 of the Complaint.

11         24.    OSHPD admits the allegations contained in paragraph 24 of the Complaint.

12         25.    In response to the allegations contained in paragraph 25 of the Complaint,

13   OSHPD realleges and incorporates herein by reference its response to paragraphs 1 through

14   24 contained in the Complaint as though fully set forth at this point.

15         26.    In response to the allegations contained in paragraph 26 of the Complaint,

16   OSHPD avers as follows:

17         1996 Bonds:

18         By documents dated as of August 1, 1996, pursuant to California Health and Safety

19   Code section 32127.2, Plaintiff issued Insured Health Facility Revenue Bonds ("1996

20   Bonds"), under that certain indenture between Plaintiff and the trustee for bondholders.

21   Bonds were issued pursuant to said section 32127.2 and neither Health and Safety Code,

22   Division 23, Chapter 5 commencing with section 32315, nor the Government Code, Title 5,

23   Division 2, Part 1, Chapter 6 commencing with section 54300, *et seq*. apply to this bond

24   issue.

25         OSHPD insured the payment of principal and accrued but unpaid interest to the trustee

26   for bondholders as evidenced by its Contract of Insurance and Regulatory Agreement

27   (collectively the "Bond Documents") both dated as of August 1, 1996 by and between

28   OSHPD and the Plaintiff.  To secure Plaintiff's obligations under said Bond Documents as

                                           3

authorized and required by Health and Safety Code sections 32127.2, 129050 and 129052, Plaintiff pledged as security its interest in and to its real and personal property, including facilities, fixtures, appurtenances, equipment, leases, rents, proceeds, inventory, and its revenues (including Gross Revenues, as defined in the Regulatory Agreement), moneys, accounts, accounts receivable, contract rights, general intangibles, documents, instruments, chattel paper, and other rights to payment of whatever kind. As evidence of its security, OSHPD recorded a Deed of Trust with Fixture Filing and Security Agreement and the Regulatory Agreement in the official records of Mendocino County.

2009 Bonds:

By documents dated as of October 1, 2009, pursuant to California Health and Safety Code section 32127.2, Plaintiff issued Insured Health Facility Revenue Bonds ("2009 Bonds"), under that certain indenture between Plaintiff and the trustee for bondholders. Bonds were issued pursuant to said section 32127.2 and neither Health and Safety Code, Division 23, Chapter 5 commencing with section 32315 nor the Government Code, Title 5, Division 2, Part 1, Chapter 6 commencing with section 54300, *et seq*., apply to this bond issue.

OSHPD insured the payment of principal and accrued but unpaid interest to the trustee for bondholders as evidenced by its Contract of Insurance and Amended and Restated Regulatory Agreement (collectively the "Bond Documents") both dated as of October 1, 2009 by and between OSHPD and the Plaintiff. To secure Plaintiff's obligations under said Bond Documents as authorized and required by Health and Safety Code sections 32127.2, 129050 and 129052, Plaintiff pledged as security its interest in and to its real and personal property, including facilities, fixtures, appurtenances, equipment, leases, rents, proceeds, inventory, and its revenues (including Gross Revenues, as defined in the Amended and Restated Regulatory Agreement), moneys, accounts, accounts receivable, contract rights, general intangibles, documents, instruments, chattel paper, and other rights to payment of whatever kind. As evidence of its security, OSHPD recorded a Supplemental Deed of Trust with Fixture Filing and Security Agreement and the Amended and Restated Regulatory Agreement in the official

4

Case: 13-01026    Doc# 7    Filed: 04/08/13    Entered: 04/08/13 11:02:44    Page 4 of 7

1  records of Mendocino County.

2  2010 Bonds:

3  By documents dated as of July 1, 2010, pursuant to California Health and Safety Code

4  section 32127.2, Plaintiff issued Insured Health Facility Revenue Bonds ("2010 Bonds"),

5  under that certain supplemental indenture between Plaintiff and the trustee for bondholders.

6  Bonds were issued pursuant to said section 32127.2 and neither Health and Safety Code,

7  Division 23, Chapter 5 commencing with section 32315 nor the Government Code, Title 5,

8  Division 2, Part 1, Chapter 6 commencing with Section 54300, *et seq*., apply to this bond

9  issue.

10  OSHPD insured the payment of principal and accrued but unpaid interest to the trustee

11  for bondholders as evidenced by its Contract of Insurance and Amended and Restated

12  Regulatory Agreement (collectively the "Bond Documents") both dated as of July 1, 2010, by

13  and between OSHPD and the Plaintiff.  To secure Plaintiff's obligations under said Bond

14  Documents as authorized and required by Health and Safety Code Sections 32127.2, 129050

15  and 129052, Plaintiff pledged as security its interest in and to its real and personal property,

16  including facilities, fixtures, appurtenances, equipment, leases, rents, proceeds, inventory, and

17  its revenues (including Gross Revenues, as defined in the Amended and Restated Regulatory

18  Agreement), moneys, accounts, accounts receivable, contract rights, general intangibles,

19  documents, instruments, chattel paper, and other rights to payment of whatever kind.  As

20  evidence of its security, OSHPD recorded a Deed of Trust with Fixture Filing and Security

21  Agreement and the Amended and Restated Regulatory Agreement in the official records of

22  Mendocino County.

23  NCB Capital Impact Line of Credit:

24  At the request of the Plaintiff, OSHPD insured a line of credit loan ("LOC") in the

25  amount of $1,000,000 to Plaintiff from NCB Capital Impact ("Bank").  By the Contract of

26  Insurance dated as of March 1, 2010, by and among OSHPD, Plaintiff and the Bank, OSHPD

27  insured the LOC pursuant to Health and Safety Code, Division 107, Part 6, Chapter 1

28  commencing at section 129000.

5

OSHPD insured the payment of principal and accrued but unpaid interest to the Bank as evidenced by its Contract of Insurance and First Amendment to Amended and Restated Regulatory Agreement Recorded October 14, 2009 dated as if March 1, 2010 (collectively "Loan Insurance Documents").  To secure Debtor's obligations under said Loan Insurance Documents as authorized and required by Health and Safety Code sections 129050 and 129052, Plaintiff pledged as security its interest in and to its real and personal property, including facilities, fixtures, appurtenances, equipment, leases, rents, proceeds, inventory, and its revenues (including Gross Revenues, as defined in the Amended and Restated Regulatory Agreement), moneys, accounts, accounts receivable, contract rights, general intangibles, documents, instruments, chattel paper, and other rights to payment of whatever kind.  As evidence of its security, OSHPD recorded a Deed of Trust with Fixture Filing and Security Agreement and the Amended and Restated Regulatory Agreement in the official records of Mendocino County.

The 1996 Bonds, 2009 Bonds, 2010 Bonds and the NCB Capital Impact Line of Credit are all in default.

27.    In response to the allegations contained in paragraph 27 of the Complaint, OSHPD avers that it is senior to any other creditor of Plaintiff.

28.    OSHPD admits the allegations contained in paragraph 28 of the Complaint.

29.    OSHPD admits the allegations contained in paragraph 29 of the Complaint.

30.    In response to the allegations contained in paragraph 30 of the Complaint, OSHPD avers that the letter dated November 21, 2011 consents only to the Plaintiff's incurrence of debt under Section IX of the Amended and Restated Regulatory Agreement, not to an encumbrance under Section VIII of the Amended and Restated Regulatory Agreement. OSHPD was informed and believes that the Promissory Notes issued were unsecured.

31.    OSHPD admits the allegations contained in paragraph 31 of the Complaint. OSHPD avers that that it is not a regulatory agency with regard to the Plaintiff in the incurrence of debt.  OSHPD's consent to the Plaintiff was solely as a creditor exercising the right of consent provision contained in the documents setting forth the terms and conditions

6

of Plaintiff's obligations to OSHPD. A similar consent provision is contained in section 6(g) of the UHC/District Note Purchase Agreement, Exhibit C to the Complaint. The consent provision does not create a lien any more than the consent provision in the Note Purchase Contract.

32. OSHPD admits the allegations contained in paragraph 32 of the Complaint.

33. OSHPD admits the allegations contained in paragraph 33 of the Complaint.

WHEREFORE, OSHPD requests that the Court enter judgment on the Complaint as follows:

A. That the Court adjudge, determine and decree that OSHPD is senior to any other creditor of Plaintiff;

B. That OSHPD recover its costs in this proceeding; and

C. That OSHPD have such other and further relief as the Court deems proper.

Dated: April 8, 2013

KAMALA D. HARRIS
Attorney General of California
MOLLY K. MOSLEY
Supervising Deputy Attorney General

*/s/ Jane O'Donnell*

JANE O'DONNELL
Deputy Attorney General
*Attorneys for Defendant California Office of Statewide Health Planning and Development*

SA2012108370
31657744.doc

7

Case: 13-01026   Doc# 7   Filed: 04/08/13   Entered: 04/08/13 11:02:44   Page 7 of 7